Argued May 3, affirmed June 6, 1977

SMITH, *Petitioner,*

*v.*

OREGON GOVERNMENT ETHICS
COMMISSION, *Respondent.*

(CA 7398)

JONES, *Petitioner,*

*v.*

OREGON GOVERNMENT ETHICS
COMMISSION, *Respondent.*

(CA 7399)

(Cases consolidated)

564 P2d 1368

H. F. Smith, pro se, Klamath Falls, argued the cause and filed the brief for petitioners.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

Petitioners, a former municipal judge and a member of the planning commission for the City of Klamath Falls, were required by the terms of ORS 244.050 and 244.080 to file a "verified statement of economic interest" with respondent Oregon Government Ethics Commission (Commission) on or before April 15, 1976. Accordingly, the Commission forwarded to each of the petitioners, at addresses provided by the administrative secretary for the City of Klamath Falls, mailings containing the required statement of economic interest together with directions for its completion, a copy of the *Administrative Rules and Procedures for Oregon's Conflict of Interest Law,* and a cover letter indicating that the deadline for the submission of the statement was 5 p.m. on April 15, 1976. Neither petitioner submitted the statement as required.

On May 3, 1976 the Commission mailed each of the petitioners a second letter requesting that they file the requisite statement as soon as possible together with an explanation as to why it had not previously been provided. When neither petitioner responded as directed the Commission voted on June 7, 1976 to impose a civil penalty of $250 upon each of them.[1] Informed by the Commission that the penalties had been levied as a result of their failure "to file a 1976 Annual Verified Statement of Economic Interest as required by law," petitioners requested a hearing on the matter in accordance with the terms of ORS 244.370.[2] Subse-

---

[1] "The commission shall adopt by rule a schedule establishing the amount of civil penalty not to exceed $1,000 that may be imposed for violating any provision of this chapter or any resolution adopted pursuant thereto. Any penalty imposed under this section is in addition to and not in lieu of any other penalty or sanction that may be imposed according to law, including removal from office." ORS 244.350.

[2] "(1) Any civil penalty imposed under ORS 244.350 * * * shall become due and payable when the public official incurring the penalty

quent to that hearing[3] the Commission issued final orders affirming the imposition of the $250 penalties.

On appeal petitioners urge this court to reverse the Commission's orders, arguing both that the proceedings which led up to their issuance were "unlawful" in that the Commission failed to provide them with "proper and sufficient notice," and that the Government Ethics Law, ORS ch 244, is "unconstitutional" to the extent it (1) fails to "afford equal protection" by authorizing the Commission to impose different sanctions upon different individuals within the general class of "public officials" to which it has application, and (2) permits the Commission to "take private property for public use without compensation" by means of the imposition of civil penalties.

■ ORS 244.370(1) specifically provides that any civil penalty imposed by the Commission becomes "due and payable" when the public official incurring the penalty receives a notice which includes, among other things, "[a] reference to the particular section of statute, ruling or order involved" and "[a] short and plain statement of the matter asserted or charged as a violation." Even assuming that the initial notices received by petitioners were insufficiently specific in

receives a notice in writing from the commission. The notice shall be sent by registered or certified mail and must include:

"(a) A reference to the particular section of statute, ruling or order involved;

"(b) A short and plain statement of the matter asserted or charged as a violation;

"(c) A statement of the amount of penalty imposed; and

"(d) A statement of the public official's right to request a hearing.

"(2) The public official to whom the notice is addressed shall have 20 days from the date of receipt of the notice in which to make written application for a hearing before the commission.

"(3) All hearings shall be conducted pursuant to the applicable provisions of ORS chapter 183." ORS 244.370(1), (2) and (3).

[3]Petitioner Smith appeared personally and testified at the hearing while petitioner Jones, who declined to attend, was permitted at his request to submit a letter setting forth his position.

that they failed to include "[a] reference to the particular section of statute, ruling or order involved," the record discloses that petitioners were neither misled nor prejudiced by any such deficiency. The evidence is that from the very outset petitioners were cognizant of the actual basis for the penalties. A subsequent "notice" advising petitioners of the scheduling of the contested case hearing requested by them did make specific reference to "ORS 244.050 to 244.110" as the basis for the proposed penalties. At no point in the course of the proceedings before the Commission did the petitioners suggest that they had been handicapped in their attempt to have the penalties set aside as a consequence of the failure of the Commission to cite in its original notice a "particular section of statute." On the contrary, prior to the hearing before the Commission petitioners acknowledged that they had violated the Ethics Law to the extent that they had chosen not to submit statements of economic interest; their challenge of the penalties imposed has, from the very beginning, been based upon the claim that the Ethics Law itself is unconstitutional in various respects. Under these circumstances the omissions in the notices received by petitioners amounted to an "error in procedure" which could not have conceivably prejudiced their "substantial rights." That error cannot, therefore, be relied upon as a "cause for reversal."[4]

■ In addition to being authorized to impose a fine pursuant to the terms of ORS 244.350, when a "public official" fails to file a statement of economic interest, the Commission is required by ORS 244.380 to impose

---

[4] "(8) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby * * *." ORS 183.482(8)(a).

*Cf. Campbell v. Bd. of Medical Exam.,* 16 Or App 381, 518 P2d 1042, Sup Ct *review denied* (1974).

a given sanction in every case depending upon whether the individual involved is a judge, a "public official" other than a judge, or a candidate for public office.[5] Petitioners argue that because the Commission is empowered to impose these different sanctions upon individuals falling within the same general class—i.e., those subject to the Government Ethics Law—the statute is necessarily violative of the equal protection provisions of both the Oregon and United States Constitutions. Having established the general classification of "public officials" to whom the Ethics Law was to have application, the legislature was not precluded from defining additional subclasses for the purpose of tailoring sanctions which might reasonably apply to individuals qualifying as "public officials" under essentially different circumstances. ORS 244.380 is quite obviously designed to compel compliance with the disclosure requirements of the Ethics Law by effectively barring all noncomplying "public officials" from functioning as such. Thus, a noncomplying official of the legislative or executive branch is, pursuant

---

[5] "In the event that a public official or candidate subject to the requirements of this chapter, fails to file a statement of economic interests required by this chapter, or resolution adopted pursuant thereto, the following actions shall be taken irrespective of other penalties which may be imposed pursuant to this chapter.

"(1) Except as to judges, no compensation shall be paid to a salaried public official. Upon notice to the Executive Department or to the appropriate local authority from the commission of the failure to file the required report when due, compensation shall be withheld and the public official shall be barred from beginning or continuing to exercise his official duty until such time as the public official complies with the requirements of this chapter. In the case of a public official who receives no compensation, the public official shall be barred from beginning or continuing the exercise of his official duty until such time as a statement is filed as required under this chapter.

"(2) Upon notice to the Secretary of State of the failure to file the statement required by this chapter, from the commission, the Secretary of State shall cause the name of the candidate for public office to be removed from the ballot on which he would otherwise appear.

"(3) In the case of a judge, compensation shall not be withheld but notice shall be given to the Commission on Judicial Fitness and to the Supreme Court which shall take such action as either may consider appropriate to enforce compliance with the requirements of this chapter." ORS 244.380.

to the terms of the statute, to be denied any compensation which might be forthcoming and barred from exercising his official duties. A noncomplying candidate for office—not yet either receiving compensation or exercising official duties—is to be removed from the ballot. A noncomplying judge is to be reported to the Supreme Court which, short of a voters' recall, has exclusive authority to suspend or remove judicial officers (Or Const, Amended Art VII, § 8; ORS 1.410-1.430). Because there is a rational basis for distinguishing between the subclasses recognized by the statute, and because the "sanctions" imposed upon each subclass are reasonably designed to produce the same effect, the statute gives rise to no denial of equal protection.

■ With respect to petitioners' claim that the imposition of the civil penalties amounted to a "taking without compensation," suffice it to state the obvious: A fine or penalty levied as a result of an individual's violation of a statute legitimately enacted as an exercise of the state's power to promote and protect the morals or general welfare of its citizenry does not constitute a "taking" for which compensation need be provided.

Affirmed.